UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC ANTOINE LOGAN,<br><br>Defendant. | Case No.: 21-mj-04652-AGS-GPC<br><br>**JUDGMENT AND ORDER:**<br>  **(1) GRANTING DEFENDANT'S PETITION TO DISMISS WITH PREJUDICE**<br>  **(2) EXPUNGING CRIMINAL RECORD**<br>**[ECF Nos. 29 & 33]** |

I.  INTRODUCTION

Before the Court is Defendant Eric Antoine Logan's petition to dismiss the complaint against him as well as a motion to expunge his criminal record. ECF No. 29. For the reasons that follow, the Court GRANTS Logan's petition to dismiss the complaint against him with prejudice and GRANTS Logan's motion to expunge his criminal record.

II.  BACKGROUND INFORMATION

In November 2021 Logan was a passenger in a vehicle attempting to enter the United States from Mexico. ECF No. 1 at 2; ECF No. 29 at 6–7. Logan and the vehicle's driver were directed to secondary inspection and border patrol officers found

approximately 9.4 kilograms of methamphetamine in the vehicle. ECF No. 1 at 2–3. Logan denied any knowledge of the drugs being concealed in the vehicle. *Id.* at 3. The United States filed a complaint against both Logan and the driver. *Id.* at 1. Upon motions by the United States following a more thorough review of the evidence, the case against both Logan and the driver were dismissed without prejudice. ECF No. 25; Case No. 21-cr-03512-CAB, ECF Nos. 28 & 29.

### III. DISCUSSION

In May 2022, Logan petitioned the Court to dismiss his case with prejudice and to expunge the criminal record against him. ECF No. 29. The United States reviewed Logan's petition and does not oppose either request. ECF No. 30. After a motion hearing, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending that the Court grant Logan's petition. ECF No. 32. Again, the United States did not object to the R&R. As detailed in Logan's petition, Logan appears to have been the victim of another party's criminal actions. *See* ECF No. 29 at 5–7, 11–12. For the reasons explained in Logan's petition, because the United States does not oppose the petition, and because no further proceedings in this matter appear to be forthcoming, the Court GRANTS Logan's petition to dismiss the complaint against him with prejudice. *See* Fed. R. Crim. P. 48.

Expungement of Logan's arrest and criminal record associated with the above-captioned proceeding is also warranted. In contrast to dismissing the criminal proceedings against a defendant, expungement effectively "asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). The Court has "ancillary jurisdiction to expunge criminal records," but may not do so "solely for equitable considerations." *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000); *see also Crowell*, 374 F.3d at 793. Typically, "a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error," *Sumner*, 226 F.3d at 1014, and even then "only in extreme

circumstances," *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991).  To determine whether extreme circumstances exist, the Court engages in a balancing test, asking whether the harm to the individual is so greatly outweighed by the government's interest "in maintaining the individual's criminal record" to warrant expunction.  *Doe v. United States*, 964 F. Supp. 1429, 1434 (S.D. Cal. 1997); *see United States v. Schnitzer*, 567 F.2d 536, 539–540, 540 n.6 (2d Cir. 1977) (discussing balancing of interests); *Smith*, 940 F.2d at 396 (including concern for balancing of "the government's interest in maintaining criminal records" when vacating order expunging criminal records).

"The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free." *United States v. Chronic*, 466 U.S. 648, 655 (1984) (quoting *Herring v. New York*, 422 U.S. 853, 862 (1975)).  Logan has presented exceptional circumstances warranting expungement, including:  the United States voluntarily dismissed the complaint against him, ECF No. 29 at 8; the United States has indicated that maintaining his arrest record is unnecessary, *see* ECF No. 30 (inference from non-opposition); Logan fully cooperated with the investigation against him, *see* ECF No. 29 at 11; Logan's extensive service on both for-profit and non-profit boards is at risk by his blemished record despite the dismissal, *id.* at 8–9; his ability to work with these entities is somewhat impaired by his arrest record influencing his standing with trusted traveler programs, *see id.* at 5; he has no criminal history, *id.* at 11; and Logan appears to have played no role in the events leading to his arrest, *id.* at 11–12.  These circumstances, coupled with the United States' non-opposition to Logan's motion to expunge his criminal record, lead the Court to conclude that the requirements for ancillary expungement have been satisfied and expungement is warranted.

### IV. CONCLUSION

For the reasons explained above, as well as in the R&R and Logan's petition, the complaint against Logan in the above-captioned matter is hereby DISMISSED WITH PREJUDICE and Logan is entitled to expungement of the records associated with his

arrest and subsequent criminal proceedings. The Court adopts the parties' proposed language for its order of expungement, ECF No. 36; *see* ECF No. 37:

Having found that ERIC ANTOINE LOGAN is entitled to expungement of the law enforcement records pertaining to his arrest and detention in this matter on or about November 29, 2021, it is hereby ORDERED:

Any law enforcement agency having jurisdiction over the offense shall seal or expunge its records of the arrest;

Any law enforcement agency having jurisdiction over the offense shall request the destruction of any records of the arrest given to any local, state, or federal agency, person, or entity, including but not limited to the National Crime Information Center (NCIC) and any other Federal or state repository or database that maintains arrest records;

Each agency, person, or entity receiving such a request shall destroy or expunge its records of the arrest and the request to destroy the records; and

The Clerk shall direct the Probation and Pretrial Services Office of the United States Courts to remove from their respective systems any records of this arrest.

**IT IS SO ORDERED.**

Dated:  January 31, 2023

Hon. Gonzalo P. Curiel
United States District Judge